UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2026 APR 10 PM 2: 16

CLERK

BY _____
DEPUTY CLERK

SANTIAGO EMANUEL COTA ESCOBAR, )
          Petitioner,           )
                            )
          v.                  )
                            )
DONALD J. TRUMP, in his official )
capacity as President of the United )
States; PATRICIA HYDE, in her )
official capacity as Acting Boston )
Field Office Director, Immigration )
and Customs Enforcement, Boston; )
DAVID W. JOHNSTON, in his official )
capacity as Vermont Sub-Office Director )
of Immigration and Customs Enforcement, )
Enforcement and Removal Operations; )
TODD M. LYONS, in his official capacity )
as Acting Director, United States Immigration )
Customs Enforcement; RODNEY SCOTT, )
in his official capacity as Commissioner )
for United States Customs  and Border )
Protections; MARKWAYNE MULLINS, )
in his official capacity as Secretary of )
the United States Department of )
Homeland Security; TODD BLANCHE, )
in his official capacity as Acting U.S. Attorney )
General, and  GREG HALE, in his official )
capacity as Superintendent, Northwest )
State Correctional Facility, )
          Respondents.       )

Case No.  2:26-cv-00127

**TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE**

Petitioner Santiago Emanuel Cota Escobar has filed a Petition for a Writ of Habeas Corpus and an Emergency Motion for Temporary Restraining Order.  He names several

federal and state officials as Respondents. Pursuant to the All Writs Act, 28 U.S.C. § 1651, the Court hereby ORDERS as follows:

1. The clerk of this court shall forthwith serve a copy of the petition, the emergency motion for temporary restraining order, and this Order upon respondents and the United States Attorney for the District of Vermont.

2. Respondents shall, no later than April 15, 2026 at 9:00 a.m., answer or respond to the petition. *See* 28 U.S.C. 2243 (a court "entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.").

3. Petitioner shall not be removed from the District of Vermont pending further order of this court. A federal court "always has jurisdiction to determine its own jurisdiction," including its own subject matter jurisdiction. *Brownback v. King*, 592 U.S. 209, 218-19 (2021) (quoting *United States v. Ruiz*, 536 U.S. 622, 628 (2002)). To allow the court to determine whether it has subject-matter jurisdiction, and if so, to determine whether habeas relief should be granted, the court orders respondent to preserve the status quo. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court has[s] the power to preserve existing conditions while it is determining its own authority to grant injunctive relief," unless the assertion of jurisdiction is frivolous.). This Order to preserve the status quo remains valid unless and until overturned, even if this court lacks subject-matter jurisdiction to determine the merits of the underlying action. *See id.* at 294-95 (upholding criminal contempt convictions for violations of a preliminary injunction, assuming the District Court had no jurisdiction to decide the underlying matter). This principle applies with even greater force when the action the court enjoins would otherwise destroy its jurisdiction or moot the case. *See United States v. Shipp*, 203 U.S. 563, 573 (1906).

2

4. This Order is issued without notice because if the court awaits notice, Petitioner may be transferred from the District of Vermont before the court is able to act. This creates an imminent risk of irreparable injury, because if Petitioner is transferred outside the District, it may prohibit or impair Petitioner's attendance at the court's habeas hearings and Petitioner's effective consultation with counsel in preparation for and during those hearings. *See* Fed. R. Civ. P. 65(b); *cf. Ozturk v. Trump*, 2025 WL 1145250, at *3-4 (D. Vt. Apr. 18, 2025) (order prohibiting transfer issued); *Mahdawi v. Trump*, 2025 WL 1243135, at * 3 (D. Vt. Apr. 30, 2025) (same), with *Petrova v. U.S. Dep't of Homeland Sec.*, Case No. 2:25-cv-00240 (D. Vt.) at Doc. 70 (petitioner transferred to Louisiana correctional facility necessitating her video appearance at hearings at which her counsel appeared in person preventing effective attorney-client consultation during the hearing as well as limited attorney-client communication in advance of hearing due to lack of facility resources). It would almost certainly result in delay and additional expense. Respondents shall suffer neither irreparable harm nor undue prejudice if Petitioner is not removed from the District pending the outcome of these proceedings. *See Ozturk v. Hyde*, 136 F.4th 382, 402 (2d Cir. 2025). Should the potential for prejudice arise, Respondents may petition the court for relief.

5. The clerk's office is respectfully requested to schedule a status conference on Wednesday, April 15, 2026 at 11:00 a.m. Petitioner's presence is not required at this hearing, but his presence will be required at the hearing on the Petition which will be scheduled at the status conference.

6. DATED in the District of Vermont, this 10th day of April 2026 at 2:15 p.m.

Mary Kay Lanthier
United States District Judge

3